BERKIN ET AL., RESPONDENTS, *v.* HEALY ET AL., APPELLANTS.

(No. 3,661.)

(Submitted May 12, 1916.   Decided June 3, 1916.)

[158 Pac. 1020.]

*Mortgage Lien — Extinguishment — Statute of Limitations — Power of Sale—Quieting Title—Re-creation of Lien—Statutes —Constitution.*

Mortgage Lien—Extinguishment—Statute of Limitations.
1.   While in the absence of legislation declaring a different rule the lien of a mortgage on real property is not extinguished by the lapse of the period fixed by the statute within which an action to enforce payment of the debt may be brought and prosecuted to a successful termination, such lien *held* to be so extinguished by section 5728, Revised Codes.

Same—Re-creation—How not Effected.
2.   In view of section 5749, Revised Codes, providing that a mortgage of real property can be created, renewed or extended only by writing with the formalities required in the case of a grant of real property, a part payment by a mortgagor after the principal obligation was barred could not re-create the lien of the mortgage.

Same—Quieting Title—Barred Mortgage.
3.   Notwithstanding a mortgage had ceased to be a lien upon the property, it was a cloud upon the title thereto, because it was ostensibly a mortgage valid on its face and required extrinsic evidence to demonstrate that it was in fact of no force.

[As to cloud on title and who may sue to remove, see note in 45 Am. St. Rep. 373.]

Same—Mortgages—Power of Sale—Exercise—Extinguishment of Lien.
4.   Proceedings under a power of sale contained in a mortgage presuppose a valid mortgage lien upon the property originally mortgaged,

so that, where the lien of the mortgage had been extinguished as set forth in paragraph 1 above, the mortgagee could no longer exercise such power of sale.

Same—Renewal.

5. Though the legislature has the power to so change the statute as to revive the right of action on a barred debt, such revival cannot, against the property owner's consent, re-create a mortgage lien which was extinguished by failure to bring action upon the debt within the period fixed by statute.

Same—Renewal Against Owner's Consent—Statutes—Constitution.

6. If by Chapter 27, Laws of 1913, it was intended to enable a mortgagee whose mortgage had been extinguished by lapse of time, to revitalize the security and impose a lien upon property without the owner's consent, it to that extent deprives him of his property without due process of law, and is invalid.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by T. A. Berkin and another against Tena De Witt Healy and others.   Decree for plaintiffs, and defendants appeal. Affirmed.

*Messrs. Wight & Pew,* for Appellants, submitted a brief; *Mr. Chas. E. Pew* argued the cause orally.

A mortgagor cannot have a mortgage canceled as a cloud upon his title on the sole ground that it is outlawed, nor can his successor in interest have such relief.   Nothing less than payment of the debt will entitle either of them to have the record cleared.   (*Tracy* v. *Wheeler,* 15 N. D. 248, 6 L. R. A. (n. s.) 516, 107 N. W. 68; *De Cazara* v. *Orena,* 80 Cal. 132, 22 Pac. 74; *Burns* v. *Hiatt,* 149 Cal. 617, 117 Am. St. Rep. 157, 87 Pac. 196; *Merriam* v. *Goodlett,* 36 Neb. 384, 54 N. W. 686.) The principle of these cases is very forcibly discussed by Chief Justice Cullen in *House* v. *Carr,* 185 N. Y. 453, 113 Am. St. Rep. 936, 7 Ann. Cas. 185, 6 L. R. A. (n. s.) 510, 78 N. E. 171.

Under the facts in this case, the respondents occupy no better position than Miller, the original mortgagor.   Even if an action to foreclose the mortgage in court were barred, it will be observed that the mortgage contains a power of sale.   This court has held that such a power of sale is valid.   (*First Nat. Bank* v. *Bell S. & C. Min. Co.,* 8 Mont. 32, 19 Pac. 403; *Muth* v. *Goddard,*

28 Mont. 237, 98 Am. St. Rep. 553, 72 Pac. 621.) The statutes of limitation apply only to actions in court, and do not apply to foreclosures under a power of sale. (*House* v. *Carr,* 185 N. Y. 453, 113 Am. St. Rep. 936, 7 Ann. Cas. 185, 6 L. R. A. (n. s.) 510, 78 N. E. 171.)

Chapter 27 of the Laws of 1913 provides for the renewal of a real estate mortgage by the filing of an affidavit containing certain matters. The court below apparently held the Act of 1913 unconstitutional; otherwise the demurrer to the answer could not have been sustained. The Act is valid and the affidavit of renewal gave the mortgage full vitality for the purpose of a foreclosure in this case. (See *House* v. *Carr, supra; Orman* v. *Van Arsdell,* 12 N. M. 344, 67 L. R. A. 438, 78 Pac. 48; *Mutual Benefit Life Ins. Co.* v. *Winne,* 20 Mont. 20, 49 Pac. 446; *Hulbert* v. *Clark,* 128 N. Y. 295, 14 L. R. A. 59, 28 N. E. 638.)

*Mr. E. K. Cheadle,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In the complaint in this action it is alleged that on November 6, 1885, David C. Miller executed and delivered to C. A. De Witt his promissory note and a mortgage upon 160 acres of land to secure the payment; that the mortgage was duly recorded and ever since has remained of record and uncanceled; that the indebtedness has never been paid in whole or in part; that the right to recover it is barred by statutes of limitation, the appropriate sections of which are cited; and that the lien of the mortgage has been extinguished. It is further alleged that the plaintiffs are the present owners of the land; that the defendants are the heirs and successors of De Witt; that in July, 1913, defendants executed and filed for record an affidavit purporting to extend or renew the mortgage of 1885; that the affidavit was made and filed without the consent of plaintiffs;

and that the mortgage and this affidavit constitute clouds upon plaintiff's title and should be canceled.

The answer admits substantially all of the allegations of the complaint and, by way of equitable counterclaim, repeats the history of the mortgage transaction, and alleges that in 1906 Miller, the original mortgagor, then the owner of the land, commenced an action to have the mortgage canceled, and that his complaint constituted such an acknowledgment as operated to take the case out of the statute of limitations. The prayer is that the mortgage be decreed to be a valid lien upon the land and that it be foreclosed. There is an allegation that a payment of $100 was made by Miller in 1896. To this counterclaim plaintiffs interpose a general demurrer which was sustained, and, defendants failing to plead further, a decree conforming to the prayer of the complaint was rendered and entered, and from that decree this appeal is prosecuted.

It may be conceded at once that, in the absence of a statute [1] declaring a different rule, the lien of a mortgage is not extinguished by the mere lapse of the period fixed by the statute within which an action to enforce the payment of the debt may be brought and prosecuted to a successful termination. This rule was declared by the courts of New York (*Pratt* v. *Huggins,* 29 Barb. (N. Y.) 277; *Waltermire* v. *Westover,* 14 N. Y. 16), and was incorporated in the proposed Civil Code prepared by David Dudley Field and his associates for the state of New York (sec. 1605). That proposed Code was adopted, almost in its entirety, by California; but the legislature, for reasons satisfactory to itself, changed the language of section 1605 to read: "A lien *is* extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation." (Sec. 2911, Cal. Civ. Code.) In *Mutual Life Ins. Co.* v. *Pacific Fruit Co.,* 142 Cal. 477, 76 Pac. 67, the California court refers to this bit of legislative history as follows: "It should be remarked that section 2911 was designedly passed to change the former rule respecting the continued existence of a lien after the statute of

limitations has barred the remedy upon the principal obligation. Thus the proposed Civil Code of New York (the Field Code), from which admittedly so many of the provisions of our own Code have been taken, provided (section 1605), in accordance with the common rule: 'A lien is not extinguished by the mere lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation.' Our own codifiers industriously changed this language, and declared that a lien is extinguished by such lapse of time. We have thus adopted a rule contrary to that existing at the common law (*Taunton* v. *Goforth,* 6 Dowl. & R. 384), and contrary, therefore, to the authorities of those states where the common-law rule has not been abrogated by express statute.''

In 1895 we adopted our Civil Code from California (Report of Code Commissioners, p. 13), and with the knowledge that the change noted above had been made, our legislature followed the California lawmakers and incorporated section 2911, above, without change as section 3792 of our Civil Code, and this was brought forward and re-enacted as section 5728, Revised Codes of 1907, and made directly applicable to mortgages, by section 3735, Civil Code (sec. 5709, Rev. Codes). When our Civil Code became effective, July 1, 1895, the Miller note was then barred by the statute of limitations, and, by virtue of section 3792, above, the lien of the mortgage was altogether extinguished and the mortgage itself stripped of its vitality. (*Henderson* v. *Grammar,* 66 Cal. 332, 5 Pac. 488; *San Jose Safe Deposit Bank* v. *Bank of Madera,* 144 Cal. 574, 78 Pac. 5; *Vandall* v. *Teague,* 142 Cal. 471, 76 Pac. 35.)

The payment of $100 made by Miller in 1896, after the **[2]** principal obligation was barred, though it may have operated to create a new obligation binding *in foro conscientiae,* notwithstanding the statute, could not re-create the lien of the mortgage which was already fully extinguished, for ''a mortgage of real property can be created, renewed or extended only by writing with the formalities required in the case of a grant of

real property.'' (Sec. 3842, Civil Code; sec. 5749, Rev. Codes; *Wells* v. *Harter,* 56 Cal. 342.) The payment of $100 in 1896 was in reality without any practical effect, for it is conceded that no payment was thereafter made and nothing was done to prevent the running of the statute for more than eight years.

But notwithstanding this mortgage ceased to be a lien upon [3] the property twenty years ago or more, it is a cloud upon plaintiff's title, because it is ostensibly a mortgage valid upon its face and requires extrinsic evidence to demonstrate that it is in point of fact of no force or validity. (7 Cyc. 255.) If the principal obligation had been kept alive constantly by payments or otherwise, the lien of the mortgage would have continued. It requires extrinsic evidence to disclose that the debt is barred and the lien therefore extinguished.

Counsel for appellants insist that the complaint filed by Miller in 1906 constituted such an acknowledgment of the debt, within the meaning of section 6472, Revised Codes, as to take it without the statute. If the inquiry were a material one, we should doubt the soundness of counsel's position (*Braithwaite* v. *Harvey,* 14 Mont. 208, 43 Am. St. Rep. 625, 27 L. R. A. 101, 36 Pac. 38) ; but it is not, for, as we have observed before, the reinstatement of the debt in 1906 could not vitalize the mortgage which was extinguished in 1895.

It may be conceded that as a general rule a court of equity will not cancel a mortgage of record at the suit of the mortgagor or his privies, merely because the principal obligation is barred by the statute of limitations. In many jurisdictions the lien of the mortgage continues notwithstanding the debt is barred, and under such circumstances a court of equity would invoke the maxim, ''He who seeks equity must do equity,'' ''He who seeks cancellation of the lien must pay the debt.'' But in this state, where the lien of the mortgage is entirely extinguished as soon as the debt is barred and the mortgagee cannot thereafter assert any claim or interest by virtue of the mortgage, the right of action does not depend upon the bare fact that the debt is barred, but upon the fact that the mortgage has ceased

to be of any force or validity; that its cancellation will not deprive the mortgagee of any right; and that the policy of unrestricted devolution of property, which must have prompted the enactment of section 5728, above, is promoted by clearing the record of a cloud which obstructs the plaintiffs in the exercise of their right of ownership.

Plaintiffs do not ask that the mortgage debt be canceled. For aught that appears here, defendants may, in an action upon the Miller note, recover a personal judgment against the maker (*Frost* v. *Witter,* 132 Cal. 421, 84 Am. St. Rep. 53, 64 Pac. 705; *Mechanics' Building & Loan Assn.* v. *King,* 83 Cal. 440, 23 Pac. 376); but they cannot benefit from the mortgage and cannot complain that the court below canceled an instrument in which they have no interest. It cannot be inequitable to seek relief which injures no one.

Neither can these defendants exercise the power of sale contained in the mortgage. Proceedings under the power of sale [4] constitute but a shorthand method of foreclosure and presuppose a valid mortgage lien upon the property originally mortgaged. (*First Nat. Bank* v. *Bell S. & C. Min. Co.,* 8 Mont. 32, 19 Pac. 403.) When the mortgage ceases to be a lien, it ceases to be a mortgage.

A debt is not paid by the running of the statute of limitations. [5] The statute affects the remedy, and it is clearly within the power of the legislature to so change the statute as to revive the right of action upon a debt long since barred (*Campbell* v. *Holt,* 115 U. S. 620, 29 L. Ed. 483, 6 Sup. Ct. Rep. 209), but the revival of the right of action upon the debt cannot re-create a lien upon one's property without his consent.

Chapter 27 of the Laws of 1913, which provides a method for renewing mortgages upon real property, is doubtless valid so far [6] as its provisions operate prospectively; but if it were intended to enable a mortgagee, whose mortgage had ceased to be such, to revitalize his security and impose a lien upon property without the owner's consent, to that extent it deprives the owner of his property without due process of law and is invalid. The

proviso attached to section 1 of Chapter 27, above, must have been enacted in ignorance or utter disregard of section 5728, Revised Codes, and the effect which its provisions had upon mortgages securing debts then already barred.

The affidavit filed by these defendants in 1913 did not re-establish the Miller mortgage as a lien upon plaintiffs' property, but for the reasons indicated above it casts a cloud upon their title. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

Rehearing denied July 8, 1916.