VITT, APPELLANT, *v.* ROGERS ET AL., DEFENDANTS; PETERSON ET AL., RESPONDENTS.

(No. 6,204.)

(Submitted November 22, 1927. Decided December 12, 1927.)

[262 Pac. 164.]

*Real Estate Mortgages—Extension by Agreement Before Maturity of Debt — Statute — Effect on Holder of Subsequent Mortgage.*

Real Estate Mortgage—Limit of Life of Mortgage, if not Extended—Statute—Construction.

1.  The purpose of the legislature in enacting section 8267, Revised Codes 1921, providing that a real estate mortgage shall be good from the time it is recorded. until eight years after maturity of the debt secured by it, and no longer, unless the mortgagee or his successors in interest shall within sixty days after the expiration of the eight years, file a renewal affidavit, in which event the mortgage shall be good against all persons for another period of eight years, was definitely to limit the life of a mortgage, unless extended, to eight years from the maturity of the debt (except as between the parties themselves); that the remedy therein provided may be invoked by the mortgagee or his successors only and, if invoked, the mortgagee may foreclose at any time during the second eight-year period, and that any implication to the contrary in *Morrison* v. *Traders & Farmers' Bank,* 70 Mont. 146, must be overruled.

[81 Mont. 120.]

Same—Parties to Mortgage may Renew or Extend It by Agreement, When.
2. The parties to a real estate mortgage may, under section 8264, Revised Codes 1921, renew or extend it within the eight-year period following the maturity of the debt secured, though the rights of subsequent mortgagees have attached in the meantime, if by such renewal or extension the latter are not injured.

Same—Extension of Life of ·Mortgage by Agreement—Recordation—Subsequent Mortgagee not Injured.
3. Where during the life of a properly recorded real estate mortgage as fixed by section 8267, Revised Codes 1921, parties took a second mortgage on the premises, and thereafter and before the expiration of the first its life (meaning thereby the maturity of the debt) was extended by an agreement in writing between the parties thereto for a period of two years as they properly could do under section 8264, the extension being also placed of record, the second mortgagees were then in no worse position than they were when they took their mortgage, hence were not injured by the extension and therefore their claim made in a foreclosure suit brought by the holder of the first mortgage within the two-year extension period that plaintiff's lien had become inferior to theirs by his failure to file the renewal affidavit required by section 8267, *held* without merit.

[1] Limitations· of Actions, 37 **C. J.**, sec. 23, p. 703, n. 18; sec. 656, p. 1172, n. 28. Mortgages, 41 **C. J.**, sec. 546, p. 584, n. 13 New; sec. 945, p. 807, n. 98; sec. 1077, p. 872, n. 5. Quieting Title, 32 **Cyc.**, p. 1320, n. 91.
[2, 3] Mortgages, 41 **C. J.**, sec. 546, p. 584, n. 13 New.

*Appeal from District Court, Lake County; Theodore Lentz, Judge.*

ACTION by A. J. Vitt against John J. Rogers and others. Judgment for defendants and plaintiff appeals. Reversed and remanded, with directions to enter judgment for plaintiff.

Cause submitted on briefs of Counsel.

*Mr. Ralph L. Arnold,* for Appellant.

*Mr. Thomas N. Marlowe,* for Respondents.

Respondents Peterson and Western Montana. National Bank contend that in view of plaintiff's failure to file the renewal affidavit required by section 8267, Revised Codes 1921, plaintiff's mortgage, at least as to respondents who are creditors and subsequent encumbrancers of the mortgagors and owners of the lands mortgaged, had expired when the action was

brought to foreclose the same; that if Exhibit "A" did have the effect of extending plaintiff's mortgage at all it did not extend it further than two years from and after the ninth day of June, 1922, and therefore that plaintiff's mortgage had ceased to be a valid lien against the mortgaged property when plaintiff's action was brought on April 26, 1926, to foreclose it, as this date was more than eight years after the maturity of the entire debt or obligation secured by plaintiff's mortgage. It will be noted that by the terms of plaintiff's mortgage the entire debt or obligation secured thereby became due on December 9, 1916—eight years thereafter would be December 9, 1924.

In view of section 8267, Revised Codes of 1921, upon which respondents rely, and of the decision of this court interpreting the same, in the case of *Morrison* v. *Farmers' State Bank,* 70 Mont. 146, 225 Pac. 123, we do not see that there is much, if anything, further to be said, for as this court observed in the above case, "The language [referring to section 8267] is so plain, simple, and direct that it would appear to construe itself." It is perfectly apparent to anyone after reading section 8267 that the intention of the legislature when this statute was passed, was to affect the remedy by which a recorded mortgage could be enforced. As further stated by this court in the *Morrison Case,* "it was the lien of the mortgage—hence the mortgage itself—which was to be affected, and it was to be affected in the same manner as it would have been if the act had declared that no action shall be brought to foreclose a mortgage on real property unless commenced within eight years from the due date of the debt or obligation secured," and, "the statute declares explicitly that a mortgage on real property duly recorded, is good and valid as against the persons mentioned, for eight years and no longer, computing the period from the due date of the debt secured unless the renewal affidavit is filed."

In the case here it is admitted that the renewal affidavit was not filed, so we contend that as to respondents who were creditors and subsequent encumbrancers of the mortgagors

and owners of the mortgaged property, the lien of plaintiff's mortgage had expired when he instituted his action in this court. If section 8267 "is in effect a statute of limitations," then as to respondents it was necessary that plaintiff file his renewal affidavit as required by this section, within the time mentioned therein or else institute his action to foreclose his mortgage within the eight-year period. This he did not do and his mortgage therefore ceased to be a lien upon the property in question upon the expiration of eight years from the due date of the note or December 9, 1924.

But aside from plaintiff's failure to comply with the provisions of section 8267 we further contend that plaintiff is not entitled to a judgment. We believe that the agreement in question did not have the effect of extending the time of payment of the note secured by plaintiff's mortgage but only extended the life of the mortgage. The agreement of the mortgagors and mortgagee states simply: "That the life of the mortgage may be and is hereby extended for a further period of two years from and after the 9th day of June, 1922, and that the said mortgage shall not otherwise be modified, changed or abridged hereby, etc." Now, just what does the life of the mortgage mean? It can mean but one thing, to wit: the period during which it is a valid lien against the property affected, for a mortgage is merely a lien fixed upon property to secure the performance of an act. (Section 8264; *Davidson* v. *Wampler*, 29 Mont. 61, 74 Pac. 82.)

Counsel for appellant in his brief contends that the effect of Exhibit "A" was to extend the time of payment of the plaintiff's note secured by plaintiff's mortgage, to June 9, 1924. He says: "The time for payment has been changed; a new due date has been agreed upon."

We cannot agree with him in this contention, for from the language used we do not see how anyone can get the idea that the words used had the effect of extending the time of payment of the debt to June 9, 1924, thereby extending the lien or life of the mortgage eight years longer. The language used in their agreement is clear and unambiguous and states in no

uncertain terms that the life or lien of the mortgage was simply extended for a period of two years from and after June 9, 1922. Nowhere, either in the title of the writing or the language contained in the body of the instrument, is there the slightest intimation that the time for payment of the debt secured by the mortgage was to be extended two years, thereby automatically extending the life or lien of the mortgage eight years further, as contended for by plaintiff, but both the title and body of the instrument indicate as clearly as language can convey ideas that it was the life of the mortgage only which was to be affected by the extension granted. In order for this court to hold that the effect of the agreement was to extend the time of payment of the mortgaged debt two years from June 9, 1922, instead of extending the life or lien of the mortgage two years from that date as stated in the instrument, it would be necessary to read into the instrument words that are not there or give to the words used a meaning they do not have when used in their ordinary sense. The presumption is that the terms or language used were intended to be understood in their ordinary sense. (*State ex rel. Anaconda Copper Min. Co.* v. *District Court,* 26 Mont. 396, 68 Pac. 570, 69 Pac. 103.) As between the mortgagor and the mortgagee the agreement might have had the effect of extending the mortgage in question, but in view of the provisions of section 8267, the lien of plaintiff's mortgage ceased upon the expiration of eight years from the due date of the note as against the respondents who were creditors and subsequent encumbrancers of the mortgagors and the owners of the property.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This appeal arises out of an action to foreclose a mortgage. After the pleadings were made up the parties agreed upon a statement of facts which shows that on December 9, 1913, the plaintiff loaned to John J. Rogers and Della Rogers, his wife, $1,500 in cash, taking as evidence thereof a promissory note secured by a mortgage upon land which is now in Lake county.

The mortgage was placed of record on December 15, 1913. The note was made payable three years after date; none of the principal has been paid but the interest was kept up to December 9, 1924, the last payment having been made October 27, 1924. The parties agreed verbally that the makers should have until December 9, 1919, in which to pay the note and upon that date further time was granted by the mortgagee. On November 6, 1922, the parties entered into an agreement in writing which, after reciting the fact that Rogers and wife executed the mortgage on December 9, 1913, to secure the payment of the note described in the mortgage, that the mortgage had been recorded, giving the book and page of the record, that the mortgage and note were due on December 9, 1916, but had been allowed to continue on as past due and unpaid, except that the interest had been paid, and that a further extension of time had been agreed upon between the parties, went on to say: "Now, therefore: Said parties each agrees with the other (and each other), that the life of said mortgage may be and is hereby extended for a further period of two (2) years from and after the 9th day of June, 1922, and the said mortgage shall not otherwise be modified, changed or abridged hereby; but shall remain in full force and effect as to its terms and conditions during such extended term except as to the extended time hereby granted, and except that said note shall bear ten (10) per cent interest per annum, instead of one per cent per month—as provided therein as the rate to apply after due, however the rate of one per cent per month may be applicable if the note remains unpaid after June 9th, 1924."

This agreement was signed by the parties, acknowledged by the mortgagors and the attorney-in-fact for the mortgagee, and was placed of record on December 8, 1922. On April 26, 1926, the plaintiff brought a suit to recover judgment upon the note and to foreclose the mortgage. He joined as defendants G. F. Peterson and the Western Montana National Bank. The mortgagors gave to Peterson a mortgage dated June 30, 1920, covering various lands, including that described in plain-

tiff's mortgage. The Peterson mortgage was recorded June 20, 1920. The mortgagors also gave a mortgage to Western Montana National Bank on June 30, 1920, which was recorded on that day, covering the lands included in plaintiff's mortgage, and other lands. Rogers and wife, ever since the execution of the plaintiff's mortgage, have recognized it as a valid and subsisting lien on the land which it covers.

As between the plaintiff and the defendants Rogers, the purpose of the agreement dated November 6, 1922, was to extend the time of the payment of the debt secured by plaintiff's mortgage to June 9, 1924, and it is the plaintiff's contention that the maturity date was extended to June 9, 1924, by virtue of the agreement, and that, therefore, his mortgage is superior to the mortgages held by the defendants Peterson and Western Montana National Bank.

The defendants contend that the entire debt or obligation secured by plaintiff's mortgage became due and payable on the ninth day of December, 1924, and that as plaintiff did not within sixty days after the maturity of the debt secured by the mortgage, or at any time, file in the office of the county clerk where the mortgage is recorded, an affidavit setting forth the date of the mortgage, when and where the same was recorded, the amount of the debt secured thereby, and the amount remaining unpaid, in accordance with the provisions of section 8267 of the Revised Codes of 1921, which is conceded, that the agreement of November 6, 1922, if valid at all, only extended the mortgage to June 9, 1924, and for that reason the lien of the mortgage had expired and is not of any binding force as against the defendants.

It is stipulated that there was not any fraud, actual or constructive, practiced between any of the parties in any way, in any of their transactions.

The court found the issues in favor of the defendants and against the plaintiff, and as the defendants did not ask any affirmative relief, rendered judgment in their favor for their costs. From this judgment the plaintiff has appealed.

[81 Mont. 120.]

1. Section 8267, enacted as section 1 of Chapter 27, Session [1] Laws of 1913, page 27, provides that every mortgage of real property made, acknowledged and recorded, as provided by the laws of this state is thereupon good and valid as against the creditors of the mortgagor or owner of the land mortgaged, or subsequent purchasers or encumbrancers, from the time it is' so recorded until eight years after the maturity of the entire debt or obligation secured thereby, and no longer, unless the mortgagee, his heirs, executors, administrators, representatives, successors or assigns shall, within sixty days after the expiration of said eight years, file in the office of the county clerk where said mortgage is recorded, an affidavit, setting forth the date of the mortgage, when and where recorded, the amount of the debt secured thereby, and the amount remaining unpaid, and that the mortgage is not renewed for the purpose of hindering, delaying or defrauding creditors of the mortgagor or owner of the land, and upon the filing of the affidavit, the mortgage shall be valid against all persons for a further period of eight years.

This statute has been considered by this court in *Morrison* v. *Farmers & Traders' State Bank,* 70 Mont. 146, 225 Pac. 123, and in the recent case of *O. M. Corwin Co.* v. *Brainard,* 80 Mont. 318, 260 Pac. 706. In the *Morrison Case* more than eight years, ten in fact, had elapsed following the maturity of the debt secured by the mortgage, and the mortgage had not been extended in any manner. It was held that it was no longer a lien upon the mortgaged property. In the *Corwin Case* the parties had extended the mortgage by an instrument in writing, under the provisions of section 8264, Revised Codes of 1921, before the right of any third party had intervened. It was held that the extension was valid and that one who took a mortgage upon the property after the extension had been executed and placed of record had no cause to complain. Here we have presented a different question. Was the extension of plaintiff's mortgage, made after the rights of third parties had intervened, valid? As counsel for defendants relies upon the *Morrison Case,* which apparently was the basis

of the trial court's decision, we have determined to examine again into the reasons which led to the enactment of section 8267, and to determine its exact application, and thereupon to cut down the decision in the *Morrison Case* to its precise point.

Under the common law the lien of a mortgage is not extinguished by the mere lapse of the period fixed by the statute within which an action to enforce payment of the debt which it secures may be maintained. This rule was changed by section 8243, Revised Codes of 1921, which we adopted from California (*Berkin* v. *Healy*, 52 Mont. 398, 158 Pac. 1020), and which reads as follows: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation," and that section was made applicable to mortgages by the provisions of section 8224, Revised Codes of 1921. (*Berkin* v. *Healy*, supra.) Under the rule declared by section 8243 the lien of a mortgage is good so long as the debt remains unpaid; the mortgage is barred only when the debt is barred. (*Wilson* v. *Pickering*, 28 Mont. 435, 72 Pac. 821.) The principal obligation being kept alive by payments or otherwise, the lien of the mortgage would continue. Even after the payment of the debt, the mortgage, being uncanceled of record, remained a cloud upon the title of the property mortgaged, and it required extrinsic evidence to disclose the payment of the debt and the extinguishment of the mortgage lien. (*Morrison* v. *Farmers & Traders' State Bank*, supra.) As a general proposition a note evidencing the principal obligation may be renewed without affecting the lien of the mortgage. (*Cooper* v. *Goble*, 77 Mont. 580, 252 Pac. 362.) So under section 8243 when the mortgage ceased to be a lien was always in doubt. An intending purchaser, money-lender or other person having reason to ascertain the facts, was compelled to rely upon such information as he might be able to secure from the mortgagor, or from the holder of the note or obligation secured by the mortgage, in order to determine whether a recorded mortgage was or was not a subsisting lien, and if so, the extent of the

obligation secured, and the record · did not furnish him any information except that which the mortgage as originally recorded afforded.

The statute, section 9029, Revised Codes of 1921, provides and since 1889 has provided (Laws 1889, p. 173), that an action upon any contract, obligation or liability, founded upon an instrument in writing, shall be commenced within eight years. In case of a promissory note the eight-year period begins to run from its maturity.

Section 8264, Revised Codes of 1921, provides that a mortgage of real property can be created, renewed or extended, only by writing, with the formalities required in the case of a grant of real property. A mortgage of record ordinarily shows the date of the obligation secured, the amount thereof, and the date of its maturity, and this is so whether in case of an original mortgage, or in case of a renewal or extension thereof, under section 8264.

But, as we have said, after the expiration of eight years from the maturity of the obligation secured by the mortgage, in the absence of cancellation, the record did not impart any information. It was in view of this situation that section 8267 was enacted. The statute recognizes the eight years' limitation prescribed by section 9029 and provides that unless within sixty days after the expiration of the eight years "the mortgagee, his heirs, executors, administrators, representatives, successors or assigns" shall file the requisite affidavit, the mortgage shall not be good "as against the creditors of the mortgagor or owner of the land mortgaged, or subsequent encumbrancers." In other words, the statute says, in effect, that the lien of the mortgage extends for eight years from the date of the maturity of the entire debt or obligation, as shown by the record, and no longer, unless the affidavit be filed in the time and in the manner provided. Sixty days is granted during which the holder of the mortgage may vitalize the lien for a further period of eight years. Thus "the period during which a recorded mortgage is enforceable is made definite and certain, and the record itself, which is open to inspection by

everyone interested, is constituted the final arbiter for determining whether an enforceable lien exists or not." (*Morrison* v. *Farmers & Traders' State Bank*, supra.)

Section 8267 is in effect a statute of limitations operating as an amendment of section 8243, as was said in the *Morrison Case;* the purpose of the legislature in enacting it was to fix a definite time when the lien of a mortgage can no longer be said to exist; that time is reached when eight years have elapsed from the maturity of the debt as shown by the record, and no renewal or extension has been filed.

Section 8267 provides a remedy which can be invoked by the mortgagee or his successors only, and it can be invoked by him or them only within the time and in the manner provided. It cannot be invoked by the mortgagor. The remedy having been invoked by the mortgagee, he may foreclose the mortgage that very day or at any time during the ensuing eight years. Further than that section 8267 does not go, and any · implication to the contrary in *Morrison* v. *Farmers & Traders' Bank* is now expressly disapproved; that decision applies only to a state of facts similar to that upon which it is based.

2. Now as to the question whether a mortgage may be re-[2, 3] newed or extended by conjoint action of the parties within the eight years period following the maturity of the debt where the rights of subsequent mortgagees have attached, a point not presented and upon which an opinion was not expressed, in *O. M. Corwin Co.* v. *Brainard,* supra.

It seems clear, in view of the mischief sought to be corrected, that the legislature intended to limit the life of a mortgage, unless extended, to eight years from the maturity of the debt (except between the parties themselves). (*O. M. Corwin Co.* v. *Brainard,* supra.) By construing sections 8264 and 8267 in pari materia we may apply this limitation to 8264.

When the subsequent mortgagees took their mortgages in June, 1920, plaintiff's mortgage was valid and subsisting. They knew plaintiff might foreclose it at some time before the end of the eight-year period, and that he might extend it for a

further period of eight years. It is not reasonable to suppose that defendants, when they took their mortgages, contemplated the possibility that plaintiff would fail to foreclose his mortgage or would let it lapse by failure to renew it. They must have contemplated that the plaintiff would get his money before they could get theirs. If he foreclosed his mortgage and caused the land to be sold in satisfaction of the judgment they would have to exercise the right of redemption given them by statute in order to save the land for the satisfaction of their own mortgages. When the mortgagors and plaintiff extended the maturity of the debt to a date within the eight-year period and plaintiff commenced his action to foreclose the mortgage within two years of the new maturity date we fail to see how the defendants were injured in any way. We do not see that they are in a worse position than the one they were in when they took their second mortgages. The burden resting upon them now is no heavier than it was then. They are asking an advantage which will come to them if plaintiff's mortgage is wiped out, but they do not show that they have in any manner been placed at any disadvantage. The equities are not with but against them. The mortgagors and plaintiff were privileged to extend the time of payment of the debt due plaintiff and to renew or extend the mortgage if by so doing they did not injure third persons; that is clear. (*O. M. Corwin Co.* v. *Brainard,* supra.) It does not appear that the defendants have been injured in any way. Their counsel does not even advance that argument. His main reliance is upon the *Morrison Case.*

The renewal or extension being placed of record, showing the maturity of the debt or obligation, and it not appearing that third persons have been injured, this case does not come within the mischief sought to be remedied by the enactment of section 8267.

Whether, injury being shown to intervening third parties, a court of equity will declare the renewal or extension of a mortgage under section 8264 ineffectual as to them, we need not now consider.

Some argument is put forth to the effect that by the use of the words "the life of said mortgage" the parties did not extend the maturity of the debt, but only the life of the lien, to June 9, 1924. But it is stipulated that the plaintiff and the mortgagors intended to extend the maturity of the debt to that date, and we think, reading the contract of November 6, 1922, as a whole, a strained construction would be required to hold otherwise. Plaintiff and the mortgagors considered the lien of the mortgage in full effect when the plaintiff commenced this action; and we think they were justified in holding that view.

The judgment is reversed with direction to the district court of Missoula county to enter judgment in favor of plaintiff for the foreclosure of his mortgage.

*Reversed and remanded.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.

Rehearing denied December 23, 1927.

