LATSON et ux. v. McCOLLOM, Ex'r, et al.

No. 30461. Feb. 2, 1943.

*134 P. 2d 130.*

Stephen A. George, John C. Caldwell, and Woodrow W. George, all of Ardmore, for plaintiffs in error.

Wm. G. Davisson, of Ardmore, for defendant in error H. D. McCollom.

J. B. Moore, of Ardmore, for defendants in error Mrs. B. S. Curtis and Ben S. Curtis.

OSBORN, J. Abe Kaufman sued J. H. and Mary Latson, husband and wife, to recover judgment, on a note for $335 given to him, and on a note for $250 given to another party and purchased by Kaufman, and to foreclose real estate mortgages as security for these notes. B. S. Curtis and Mrs. B. S. Curtis were made parties defendant and they filed a cross-petition against Latsons on a note and mortgage held by them.

At the time of the trial, Latsons admitted the execution and delivery of the $335 note and withdrew any defenses thereto that had been set up in their earlier pleadings. However, as to the $250 note they admitted the execution and delivery of the note and mortgage securing it, but alleged that they advanced to Kaufman sufficient money to pay this note, and that he, as their agent, promised to pay the note but instead took an assignment of the note and mortgage to himself, using their money for this purpose, and they alleged further that this amounted to a payment and satisfaction of the note.

A jury was impaneled for the purpose of trying the issues. At the conclusion of the evidence the jury returned a verdict, and the court rendered judgment

thereon, in favor of Kaufman and against the Latsons. The trial court rendered judgment for Curtises against Latsons upon motions. Latsons appeal from both judgments.

Latsons assign and argue four propositions, the first three of which apply primarily to the judgment of Kaufman, and the fourth primarily to the Curtises' judgment.

The first contention made is that the court erred in requiring Latsons to accept a jury in disregard of Latsons' objections to the qualifications and fitness of the jurors to hear the particular case. There is considerable discussion in the record regarding this matter, and it seems to show primarily a misunderstanding between the trial judge and the attorneys for the other parties on one hand and the attorney for Latsons on the other hand. Latsons' attorney states that for reasons agreeable to all parties a jury of twelve men was held over the week end to hear this case, but it was his understanding that he would be permitted to challenge these jurors for cause and that the case should be heard by a jury of six men. The statements in the record by the trial judge and opposing counsel are to the contrary. We feel satisfied with the explanation made by the trial judge and are of the opinion that no prejudice resulted to Latsons.

It is next contended that the verdict of the jury and judgment of the court thereon with respect to the third and fourth causes of action are wholly without support in the evidence, and the demurrer thereto should have been sustained.

The third and fourth causes of action related to the note and mortgage executed by Latsons to the Bank Commissioner of Texas and by that authority assigned to Kaufman. The issue of fact turned on whether Kaufman paid for this note and mortgage with his own money or used the money of the Latsons to pay for it. The contention of Latsons that there is no evidence in the record to support a judgment for Kaufman on this issue is without merit. Kaufman testified that he used his money to purchase the note and mortgage and his testimony in this respect is detailed and positive. On the other hand, the testimony of Latsons controverting Kaufman's testimony is as detailed and positive. Under these circumstances the verdict of the jury, and the judgment of the court based on this advisory verdict, are not clearly against the weight of the evidence and for that reason we cannot interfere. If this issue be considered one of law rather than of equity, since it relates to the determination of a debt, the well-recognized rule that the verdict of a jury in a law action will not be disturbed on appeal if there is any competent evidence reasonably tending to support the verdict, applies here. Johnson Oil Rfg. Co. v. Elledge, 175 Okla. 496, 53 P. 2d 543, and other cases.

The note sued on shows on its face it would be barred by the statute of limitations but for an indorsement of a payment thereon by which it is kept within the statutory time. Latsons deny they made such a payment and testified positively to this effect. On the other hand, Kaufman and his witness testified just as positively that such payment was made to Kaufman by his witness, who professed to be the agent of both sides. This makes an issue of fact, and what we have said above with respect to the purchase of the note and the law cited applies here.

The next proposition relates to the alleged error of the court in instructing the jury with respect to the burden of proof. The trial court instructed the jury that the burden was upon the plaintiff to show by preponderance of the evidence that he was the owner and holder of the note and mortgage. The court treated the defense of the Latsons as tantamount to a plea of payment, and following this theory, instructed the jury that the defendants by pleading payment assumed the burden of proving that defense by a fair preponderance of the evidence. Latsons contend that this was erroneous in that it amounted to shifting the burden of proof to them and in slurring over the burden that rested on Kaufman to show that his money was

used to pay for the note and mortgage. We have considered these instructions together with the other instructions in the case, and are of the opinion that they fairly and adequately instructed the jury upon the issues involved, and that no prejudice resulted to Latsons therefrom. Pharoah v. Beugler, 172 Okla. 633, 45 P. 2d 1098, and other Oklahoma cases.

We come now to proposition 4, which relates to the note and mortgage held by cross-petitioners, the Curtises. The note and mortgage sued on were executed September 9, 1931, and matured September 1, 1932. The admitted facts are that after the execution of the note and mortgage, defendants (Latsons) moved from Oklahoma to Texas before the due date of the note and were absent from Oklahoma most of the time and have been residents of the State of Texas, although they have, from time to time, visited in Carter county, Okla., wherein the land is located, staying varying periods of time. The action for judgment on the note and to foreclose the mortgage was filed April 12, 1939; more than five years had elapsed, therefore, between the date of the accrual of the action and the filing thereof. They do not contend, however, that the aggregate time temporarily spent in the state equaled the statutory period of limitations. See Gibson v. Simmons, 77 Kan. 461, 94 P. 1013.

They contend that the cause of action of cross-petitioners to foreclose their mortgage on the land is separate and distinct from their cause of action on the note, and that the cause of action to foreclose the mortgage is governed and barred by the provisions of section 23 of 42 O. S. 1941, which reads:

"A lien is extinguished by the mere lapse of the time within which, under the provisions of Civil Procedure, an action can be brought upon the principal obligation."

They contend, contrary to the contention of cross-petitioners, that section 98 of 12 O. S. 1941 has no application to said cause of action. Said section reads:

"If, when a cause of action accrues against a person, he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

They rely upon the cases of Bertram v. Moore, 160 Okla 78, 15 P. 2d 589, and Coakley v. Phelan, 179 Okla. 515, 66 P. 2d 19, construing the two above-quoted sections of our statutes, and which opinions, though based on dissimilar facts, lend apparent support to their contention. We are convinced, however, that we should give further consideration to the question presented. In the Bertram Case, plaintiff sought to foreclose a statutory vendor's lien for a portion of the purchase price represented by notes given by one who at the time was a nonresident of the state and who continued such nonresidence, and the action was between the holder of the vendor's lien and certain purchasers at mortgage foreclosure sale and not between the original parties to the vendor's lien. In the Coakley Case, soon after the maturity of the note, the plaintiff procured a judgment against the makers of the note within the state without attempting to foreclose his mortgage. But prior to the rendition of said judgment, the owner of the property covered by the mortgage had conveyed the same to a nonresident of the state, who assumed and agreed to pay the mortgage, which nonresident thereafter conveyed the property to Phelan, who was the owner of the property sought to be charged. The judgment was kept alive by the timely issuance of executions; thus the title to the land had been conveyed to a nonresident and to a third party and a somewhat different question was involved therein. Both actions were actions in rem involving third persons only, and not the original parties, with no action in personam involved.

We have long been committed to the rule in this state that a mortgage secures a debt or obligation, and not the evidence of it, and that so long as the debt remains unpaid no change in the form of the evidence or in the mode or time of payment or the renewal or substitution of the evidence of the debt can operate to discharge the mortgage or will impair the lien thereof; in other words, that the mortgage is an incident to the debt. Smith v. Bush, 173 Okla. 172, 44 P. 2d 921; First National Bank of Altus v. Hendrick, 135 Okla. 260, 275 P. 314; Unger v. Schull, 154 Okla. 277, 7 P. 2d 881; Lincoln National Life Ins. Co. v. Rider, 171 Okla. 262, 42 P. 2d 842; Adams Royalty Co. v. State ex rel., 174 Okla. 303, 50 P. 2d 348; Anderson, Trustee, v. Barr, 178 Okla. 508, 62 P. 2d 1242; Clark v. Grant, 26 Okla. 398, 109 P. 234; Foster v. Augustanna College and Theological Seminary, 92 Okla. 96, 218 P. 335. See, also, section 10955, O. S. 1931, 42 O. S. 1941 § 21.

In the case of Smith v. Bush, supra, after quoting and considering said section 23, relied upon by defendants, this court applied the provisions of section 107, O. S. 1931 (12 O. S. 1941 § 101), constituting an exception to the general statute of limitations as provided in section 101, O. S. 1931 (12 O. S. 1941 § 95), and held that the cause of action was not barred, the first syllabus being:

"The payment of a portion of the principal or interest on a debt secured by a real estate mortgage, by the debtor and mortgagor (who still retains an interest in the mortgaged premises) after the debt becomes due and before the expiration of five years from the due date, prevents the statute of limitations from barring a foreclosure of the mortgage against portions of or interests in the mortgaged property acquired by third persons after the mortgage is recorded, until five years after such payment was made."

In American Inv. Co. v. City Sav. Bank, 181 Okla. 511, 75 P. 2d 186, this court discussed said statute, but held in the syllabus as follows:

"When, after maturity of an obligation secured by a mortgage, interest payments are made by the party who at the time owns such property, and before the end of five years from the date of such payment, but more than five years after maturity of the obligation, the mortgagee seeks foreclosure of the mortgage lien without asking for personal judgment, held, such payments acknowledged the debt and mortgage and were sufficient to prevent the running of the statute of limitations, notwithstanding that section 10957, O. S. 1931 (42 Okla. St. Ann. § 23), provides for extinguishment of a lien by mere lapse of time and contains no tolling exceptions."

The special statute above relied upon (sec. 23) is substantially the same statute which the States of California and Montana have. In the early case of London & San Francisco Bank v. Bandmann, 120 Cal. 220, 52 P. 583, it was held:

"Where a mortgage was given to secure a debt of the mortgagor and such advances as should thereafter be made to him by the mortgagee, such 'indebtedness,' and not the notes whereby it was evidenced, constituted the 'principal obligation,' within Civ. Code, sec. 2911, providing that a lien is extinguished by the lapse of the time within which, under the Code, an action can be brought on 'the principal obligation,' and therefore the lien of such mortgage was not extinguished so long as such debt was kept alive, and an action could be brought for its recovery."

In the case of Goldwater v. Hibernia Savings & Loan Society, 19 Cal. App. 511, 126 P. 861, it was said that "This section (2911) was intended to do something that had not been done by the various sections relating to the time within which action may be brought. It was intended to provide for the extinguishment of the lien given upon property for the payment of a debt, whenever by the lapse of time an action on the debt or other obligation is barred. . . or to prevent any affirmative action on the part of the mortgagee or pledgee to enforce his lien after the debt is barred by the statute of limitations." See, also, Southern Pac. Co. v. Prosser, 122 Cal. 413, 55 P. 145; Weinberger v. Weidman, 134 Cal. 599, 66 P.

869; Worth v. Worth, 155 Cal. 599, 102 P. 663; Craig v. Dinwiddie, 77 Cal. App. 681, 247 P. 516; 18 Cal. Jur., § 455; Wilcox v. Gregory, 135 Cal. 217, 67 P. 139.

In the case of Berkin v. Healy, 52 Mont. 398, 158 P. 1020, it is said:

"It may be conceded at once that, in the absence of a statute declaring a different rule, the lien of a mortgage is not extinguished by the mere lapse of the period fixed by the statute within which an action to enforce the payment of the debt may be brought and prosecuted to a successful termination. This rule was declared by the courts of New York (Pratt v. Huggins, 29 Barb. 277, Waltermire v. Westover, 14 N. Y. 16), and was incorporated in the proposed Civil Code prepared by David Dudley Field and his associates for the state of New York (section 1605). That proposed Code was adopted, almost in its entirety, by California; but the Legislature, for reasons satisfactory to itself, changed the language of section 1605 to read: 'A lien is extinguished by the lapse of the time within which, under the provision of the Code of Civil Procedure, an action can be brought upon the principal obligation.' Section 2911, Civil Code of California.

"In Mutual Life Ins. Co. v. Pacific Fruit Co., 142 Cal. 477, 76 P. 67 (overruled on other grounds, Puckhaber v. Henry, 152 Cal. 419, 93 P. 114) the California court refers to this bit of legislative history as follows:

" 'It should be remarked that section 2911 was designedly passed to change the former rule respecting the continued existence of a lien after the statute of limitations has barred the remedy upon the principal obligation. Thus the proposed Civil Code of New York (the Field Code), from which admittedly so many of the provisions of our own Code have been taken, provided (section 1605), in accordance with the common rule: "A lien is not extinguished by the mere lapse of the time within which, under the provision of the Code of Civil Procedure, an action can be brought upon the principal obligation." Our own codifiers industriously changed this language, and declared that a lien is extinguished by such lapse of time. We have thus adopted a rule contrary

to that existing at the common law (Taunton v. Goforth, 6 Dowl. & Ryle, p. 384), and contrary, therefore, to the authorities of those states where the common-law rule has not been abrogated by express statute.' "

In the case of Vitt v. Rogers, 81 Mont. 120, 262 P. 164, it is said:

"Under the common law the lien of a mortgage is not extinguished by the mere lapse of the period fixed by the statute within which an action to enforce payment of the debt which it secures may be maintained. This rule was changed by section 8243, R. C. 1921, which we adopted from California (Berkin v. Healy, 52 Mont. 398, 158 P. 1020), and which read as follows: 'A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation'—and that section was made applicable to mortgages by the provisions of section 8224, R. C. 1921 (Berkin v. Healy, supra). Under the rule declared by section 8243 the lien of a mortgage is good so long as the debt remains unpaid; the mortgagee is barred only when the debt is barred. Wilson v. Pickering, 28 Mont. 435, 72 P. 821. The principal obligation being kept alive by payments, or otherwise, the lien of the mortgage would continue."

See, also, Humbird v. Arnet, 99 Mont. 499, 44 P. 2d 756; Leffek v. Luedeman, 95 Mont. 457, 27 P. 2d 511; Reed v. Richardson, 94 Mont. 34, 20 P. 2d 1054; Jones v. Hall, 90 Mont. 69, 300 P. 232; Skillen v. Harris, 85 Mont. 73, 277 P. 803; O. M. Corwin Co. v. Brainard, 80 Mont. 318, 260 P. 706.

In the Kansas case of Kirk v. Andrews, 78 Kan. 612, 97 P. 797, it is said:

". . . The note, and not the mortgage, is the evidence of the indebtedness and characterizes the action. Section 4446, Gen. St. 1901, provides the limitation applicable thereto, and the limitation of time therein prescribed is subject to extension, as provided in section 4449, Gen. St. 1901, provides the limitation the reason for extending the time for bringing an action, as provided in section 4449, is that absence from the state

during the continuance thereof renders personal service of a summons impossible; that, as to the foreclosure of the mortgage, personal service was not requisite, but the proceeding could have been maintained on service by publication at any time after the conditions thereof were broken, hence the running of the statute was not interrupted. This reasoning is unsound. The mortgage is incident to the note, and is security for its payment. So long as an action may be maintained upon the note, it can also be maintained upon the mortgage. Schmucker v. Sibert, 18 Kan. 104, 26 Am. Rep. 765; Perry v. Horack, 63 Kan. 88, 64 P. 990, 88 Am. St. Rep. 225; Jackson v. Longwell, 63 Kan. 93, 64 P. 991; Skinner v. Moore, 64 Kan. 360, 67 P. 827, 91 Am. St. Rep. 244; Fuller v. McMahan, 64 Kan. 441, 67 P. 828.

"Hogaboom v. Flower, 67 Kan. 41, 72 P. 547, cited by plaintiff in error, is not in point. No action in that case upon the note was joined with the action to foreclose the mortgage."

See, also, Hendrick v. Brooks, 80 Kan. 1, 101 P. 622.

We shall not devote further time to reviewing the many and conflicting and distinguishing authorities. An exhaustive annotation relating to the subject is contained in 119 A. L. R., at page 331. Therein many of the authorities are reviewed and distinguished.

We are therefore of the opinion that the trial court correctly rendered judgment in favor of the Curtises and against the Latsons on the note and for foreclosure of the mortgage.

The judgment of the trial court is affirmed.

GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, C. J., dissents.