**AUSTIN, Adm'r, v. EVANS et al.**

No. 18422.    Opinion Filed June 26, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

**1. Vendor and Purchaser—Plea of Bona Fide Purchaser to Defeat Prior Equities —Burden of Proof.**

It is well settled in this jurisdiction that the plea of bona fides, when pleaded by a subsequent purchaser to defeat prior equities, is an affirmative defense which must be pleaded and proven, and the burden of proof is upon such claimant.

**2. Appeal and Error—Harmless Error— Order and Burden of Proof in Case Tried to Court.**

In a case tried to the court, where both parties have full opportunity to offer their evidence on the material issues, and the weight of the evidence supports the judgment, it should not be reversed because the evidence was not introduced in the proper order or because the court was mistaken as to which party had the burden of proof.

**3. Mortgages—Mortgage Securing Past Due Notes—Extension of Time of Payment as Consideration Supporting Plea of Innocent Purchaser.**

Where a mortgage was executed to secure past due notes and at the time the mortgage was executed, and as a part of the same transaction, the time of payment of the notes was extended from May 15, 1926, to December 1, 1926, such extension of time is a valuable consideration and is sufficient to support the plea of innocent purchaser.

Error from District Court, Ottawa County; Wayne W. Bayless, Judge.

Action by J. G. Austin, administrator of estate of Scott A. Yeargain, deceased, against F. W. Evans et al. Judgment for defendants, and plaintiff bring error. Affirmed.

J. G. Austin, for plaintiff in error.

Frank Nesbitt, for defendants in error.

HEFNER, J. This is an action by J. G. Austin, administrator of the estate of Scott A. Yeargain, deceased, plaintiff in error and plaintiff below, against F. W. Evans et al., defendants in error and defendants below. The purpose of the action was to reform and foreclose a mortgage combined with an action by plaintiff to cancel the defendant's mortgage.

The plaintiff alleged that the mortgage covered and intended to cover an 80-acre tract of land in section 19, township 26 north, range 23 east, Ottawa county, the property of the daughter of the mortgagor, but that by error the range thereof was erroneously described as being 22 east instead of 23 east. The other lands described in the mortgage were in range 22 east. Both the pleadings and the evidence were sufficient to establish the right of the plaintiff to reform and foreclose the mortgage as against the original makers thereof.

The plaintiff further alleged that the defendant F. W. Evans recorded a mortgage on May 15, 1926, which covered the 80-acre tract that was erroneously left out of plaintiff's mortgage, securing two old notes, one for $200 and the other for $500. That said mortgage was without consideration to the makers thereof, and that defendant Evans had full knowledge of the fact that plaintiff claimed a mortgage on the 80-acre tract of land. That said Evans took such mortgage as a fraud upon the creditors of said W. H. Moore and was not acting in good faith.

The defendant Evans filed an answer wherein he denied that he had any knowledge or notice, either actual or constructive, that plaintiff claimed a mortgage on said 80 acres. He admitted that the mortgage was given to secure a note for $500 dated February 15, 1924, and a note for $200 dated July 24, 1922, and alleged that said mortgage was supported by a valuable consideration in that when he took his mortgage on May 15, 1926, he extended the time of maturity on each of said notes to December 1, 1926.

After the trial court had heard the evidence and arguments, it was agreed between the plaintiff and defendant Evans that, inasmuch as Evans had a mortgage on 40 acres of land in Delaware county that secured his $200 note, he would not claim the same as an indebtedness secured by his mortgage on the 80 acres in question, but would permit that note to be considered as stricken. Thereupon the court rendered judgment decreeing the Evans mortgage securing the $500 note to be senior to the mortgage of the plaintiff on the 80 acres and foreclosed plaintiff's mortgage and ordered the land sold subject to the $500 mortgage of Evans.

The plaintiff urges that the trial court erred in holding that the burden of proof was upon the plaintiff. The trial court held that the pleadings and issues, as made up in this case, placed the burden upon the plaintiff, not only to show a case entitling him to reformation and foreclosure, but also to show that Evans was not a bona fide purchaser. It is well settled in this jurisdiction that the plea of bona fides, when pleaded by a subsequent purchaser to defeat prior equities, is an affirmative defense and must be pleaded and proven, the burden of proof being upon such claimant. See Brooks et al. v. Garner, 20 Okla. 236, 94 Pac. 694, 97 Pac. 995; Weber v. Rothchild, 15 Ore. 385, 15 Pac. 650; Adams Oil & Gas Co. v. Hudson et al., 55 Okla. 386, 155 Pac. 220; Filtsch et al. v. McJunkins et al., 123 Okla. 181, 252 Pac. 437.

This case, however, is not the ordinary case of a mortgage foreclosure, but it is a mortgage foreclosure combined with an action by the plaintiff to cancel the defendant's mortgage. The plaintiff affirmatively pleaded that the defendant's mortgage was without consideration; that it was secured as a fraud upon creditors; and that defendant had both actual and constructive notice of plaintiff's mortgage on the 80 acres in controversy.

Without passing upon the question as to

whether or not the court committed error in requiring the plaintiff to sustain the allegations of his petition that the mortage of the defendant Evans was not bona fide, we think the error, if in truth it existed, was harmless and should not operate as grounds for the reversal of this cause.

The evidence discloses that the plaintiff's mortgage on the 80 acres did not correctly describe the 80 acres, in that it described the land as being in range 22 when it was in fact in range 23. That neither defendant Evans nor his attorney knew anything about the plaintiff's claim, and there is nothing of record to indicate such a claim. That at the time the mortgage was given on the 80 acres in favor of the defendant Evans, it was given in consideration of the extension of time on the notes for $200 and $500 from May 15, 1926, to December 1, 1926.

In the case of Shaffer v. Govreau, 36 Okla. 267, 128 Pac. 507, this court said:

"Where both parties have full opportunity to offer their evidence on the only material issue, and the great weight of the evidence supports the judgment, it should not be reversed because the evidence was not introduced in the proper order, or because the court was mistaken as to which party had the burden of proof. * * *

"It is urged by the defendant that the court improperly placed the burden upon him of showing that the plaintiff had no lawful excuse for failure to serve notice of dishonor upon him. The burden was on the plaintiff, and the court did not follow the correct procedure, and were this a jury case it should be reversed. But the case was tried to the court without the intervention of a jury, and should not be reversed for the failure to comply with the strict rules of procedure."

Since the plaintiff affirmatively alleged that the mortgage of the defendant Evans was taken in fraud of creditors and with notice of the claim of plaintiff, if the trial court committed error when it required plaintiff to establish the allegations of his petition as to this particular matter, under the rule above announced, the error was harmless, and the case should not be reversed for this reason.

It is next urged by the plaintiff that the defendant Evans could not be a bona fide purchaser because the mortgage given on the 80 acres was to secure a pre-existing debt. Generally speaking, this is a correct statement of the law, but in the instant case the defendant pleaded and proved that, by virtue of the agreement between the parties made at the time and in consideration of the execution of the mortgages, the time of maturity on said notes was extended from May 15, 1926, to December 1, 1926. As to this matter the finding of the trial court is as follows:

"* * * The defendant F. W. Evans executed an extension of time upon two certain notes in the sum of $200 and $500, respectively. The court further finds that the extension of time was sufficient consideration to sustain the priority of the defendant F. W. Evans as to the 80 acres in controversy."

If the defendant relied upon the proposition that his mortgage was supported by a consideration only in the form of a pre-existing debt, his contention could not be upheld, but a reading of paragraph 7 of his answer shows that in consideration of the execution of the mortgage to Evans, the time was extended on the notes from May 15, 1926, to December 1, 1926. This extension of time is a valuable consideration and is sufficient to make the defendant an innocent purchaser,

In the case of Sawyer v. Bahnsen, 102 Okla. 41, 226 Pac. 344, this court said:

"Were this a suit between the plaintiff, defendants and the Wrights, this contention might be tenable, but we are confronted with two independent extension agreements of five years each by the terms of which the defendants absolutely promise to pay the plaintiffs the sums sued for in this action. On June 1, 1913, the plaintiff had a right of action on his note and for foreclosure of mortgage on lands then held by the defendants, and on June 1, 1918, had a like action for the same sums. He forebore suit in consideration of these extension agreements and such extension and forbearance is a sufficient consideration to support the agreements."

Under this authority and under the evidence in this case, the trial court was justified in finding that the time was extended on the notes until December 1, 1926, and in concluding that as a matter of law this extension of time was a separate, independent, and valuable consideration and was sufficient to constitute the defendant an innocent purchaser.

The judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 39 Cyc. pp. 1778, 1780; 27 R. C. L. pp. 686, 737. (2) 4 C. J. p. 962, §2944. (3) 41 C. J. p. 387, §203.