### FIRST NAT. BANK OF ALTUS v. HENDRICK.

No. 18826.    Opinion Filed Jan. 29, 1929.

Rehearing Denied March 12, 1929.

Guy P. Horton, for plaintiff in error.

Whiteside & Snodgrass, for defendant in error.

HERR, C. This is an action by A. V. Hendrick against J. M. Carter and the First National Bank of Altus, to recover on a series of promissory notes and to foreclose a mortgage on lot 10, block 2, Highland addition to the town of Altus, given to secure the same. There was judgment for plaintiff. Defendant bank appeals.

The notes and mortgage to secure the same were executed by defendant Carter to plaintiff on May 21, 1925, but the plaintiff failed to record the mortgage. Thereafter defendant, by warranty deed, conveyed the premises to his codefendant bank.

The bank filed its answer and cross-petition claiming title to the premises, claiming to have purchased the same from defendant Carter, mortgagor, without notice of the mortgage, and asking for cancellation thereof.

The defendant Carter made no defense. The issue as between the plaintiff and cross-petitioner was tried as an equity case. The issue as between them, however, was submitted to the jury by the trial court by the propounding of a special interrogatory, the substance of which was whether defendant bank, at the time it purchased the premises from the mortgagor, Carter, had actual knowledge of the existence of plaintiff's mortgage. This interrogatory was, by the jury, answered in the affirmative. The trial court approved this finding of the jury and entered judgment in favor of the plaintiff and against cross-petitioner bank, foreclosing the mortgage. The sufficiency of the evidence to sustain this finding is not challenged.

It is contended by defendant bank that the issue raised by its cross-petition converted the action from one in equity to one in law and it requested the court to submit the same to the jury under general instructions. The denial of this request is assigned as error. Appellant, to sustain this assignment, relies on the following rule announced in 35 C. J. 166:

"Where a paramount adverse legal title is set up by a person who has been made a party to a suit to foreclose a mortgage, the issue as to such title is triable to a jury."

If defendant bank were claiming adversely to the mortgagor, the rule relied on would apply, but the rule has no application where, as here, title is claimed through the mortgagor. There was no error in denying this request.

It appears that when the mortgage was first executed, the indebtedness which it was given to secure was therein described as consisting of three notes amounting in the aggregate to $942.50; that, on November 1, 1926, by agreement between the parties, the original notes described in the mortgage were surrendered to the mortgagor by the mortgagee; $350 in cash was at said time paid by the mortgagor on the original indebtedness, and other items of credit were allowed mortgagor thereon, and 35 notes of $15 each, payable monthly, were executed and delivered to the mortgagee in lieu of the old notes. These are the notes here sued on. No new mortgage was given at said time. The evidence, however, is uncontradicted that it was agreed between the parties that the original mortgage should stand to secure the new notes thus given. It is uncontradicted that both series of notes represented the same indebtedness—the purchase price of the premises.

It is argued that this change of the evidence of the indebtedness, which the mortgage was given to secure, operated to discharge the mortgage lien. Such is not the law. 19 R. C. L. 450, says:

"A mortgage secures a debt or obligation, and not the evidence of it, and no change in the form of the evidence, or in the mode or time of payment, can operate to discharge the mortgage. So long as the debt secured remains unpaid, neither the renewal nor substitution of the evidence of the debt will impair the lien of the mortgage."

It is assigned as error that the judgment is incorrect for the reason that the evidence establishes that plaintiff was not the owner of the notes sued on at the time suit was filed. We have examined the evidence on this point, and without entering

into a discussion thereof, it is sufficient to say that, in our opinion, this assignment is wholly without merit.

Judgment should be affirmed.

BENNETT, LEACH, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) anno. 35 L. R. A. (N. S.) 86; 19 R. C. L. p. 450; 6 R. C. L. Supp. p. 1121. See "Mortgages," 41 C. J. §944, p. 806, n. 93.