**UNGER v. SHULL, Bank Com'r, et al.**

No. 22417. Opinion Filed Nov. 24, 1931.

Rehearing Denied Feb. 9, 1932.

Glenn O. Young, for plaintiff in error.

R. E. Stephenson, for the State.

HEFNER, J. This is an action brought in the district court of Creek county by C. Graves Shull, State Bank Commissioner, against George R. Willibey and Ella Willibey, to recover on a series of promissory notes and to foreclose a deed of trust on approximately 1,300 acres of land located in that county. The deed of trust was executed by defendants, George Willibey and Ella Willibey, on the 12th day of January, 1921, and was given to secure an indebtedness of $55,000. E. R. Unger, by permission of the court, intervened in the action and in his petition alleged that he had obtained a judgment against defendant George R. Willibey in the district court of Creek county, and that by reason thereof he had a lien on the premises superior to the lien of plaintiff under the deed of trust. He further alleged that the trust deed executed by defendant was void for various reasons.

The trial was to the court and resulted in a judgment sustaining the trust deed and decreeing the lien thereby created superior to intervener's judgment lien. Intervener has appealed and first contends that the trust deed is void because it fails to designate a beneficiary.

The instrument was executed by George

R. Willibey and Ella Willibey, as parties of the first part, to John G. Ellinghausen, trustee, and recites that it was given to secure an indebtedness in the sum of $55,000, evidenced by 14 promissory notes executed by parties of the first part to Ellinghausen, trustee. The notes are described in the instrument as follows:

"Five notes in the sum of $2,000 each, with interest thereon at the rate of 8 per cent. from date, due and payable on the 12th day of July, 1921.

"Nine notes in the sum of $5,000 each, dated January 12, 1921, with interest at 8 per cent. from date, due and payable July 12, 1921."

The deed further provides:

"It is further agreed and understood that the above-described property shall be held by said trustee, his successors or assigns in trust for the equal and proportionate benefit and security of all holders of the notes issued hereunder without any preference, distinction, or priority as to lien or otherwise, of any note or notes over others by reason of the difference in time or maturity, but so that the principal and interest of such note, subject to the terms hereof, shall be equally and proportionately secured thereby."

This is the only provision in the deed of trust which in any manner refers to or describes the beneficiaries and parties who were intended to be secured by the instrument. Intervener seeks to invoke the rule that there can be no trust without a beneficiary and no mortgage without a mortgagee. This is no doubt a correct statement of the rule, but it cannot aid intervener, because, in our opinion, the instrument sufficiently designates the beneficiaries and parties intended to be thereby secured. It recites that it is given to secure the owners and holders of the notes therein described. It is true that the beneficiaries are not specifically named in the instrument, but they are so described that they can readily be identified. In 26 R. C. L. 1189, it is said:

"It is not necessary to name the beneficiary, but he must be so designated or described that he can be identified."

While the instrument is designated a trust deed, it was given to secure an indebtedness, and is therefore a mortgage. 19 R. C. L. page 269. The instrument sufficiently identifies the parties intended to be secured, and is therefore not void because of failure to designate a mortgagee. In the case of Southern Pac. Ry. Co. v. Doyle, 11 Fed. 253, it is held:

"The conveyance of lands by the Southern Pacific Railroad Company to Mills and Tevis, in trust, to secure the payment of certain 'first-mortgage bonds,' in the usual form of a mortgage, except being to trustees, with a condition of defeasance, providing that upon the payment of the bonds 'this indenture and the estate hereby granted shall cease and determine,' etc., reserving to the grantor the 'sole and exclusive management and control' of the lands, and only providing for an entry, foreclosure, and sale by the trustees upon default and subsequent demand by the bondholders, is, in substance, and law, a mortgage under the California Code; and the right of possession until default, and a demand by the bondholders, remains in the mortgagor or grantor."

In that case the beneficiaries were described in the instrument as the holders of the bonds. The court held the instrument valid as a mortgage.

The instrument described the indebtedness secured as 14 notes executed by parties of the first part. The notes executed and introduced in evidence were signed only by George R. Willibey. Mrs. Willibey did not join in the execution thereof. Intervener contends that the instrument is void as to them because of this variance in the description of the indebtedness intended to be secured. We do not agree with this contention. The evidence establishes that neither the plaintiff nor any of the beneficiaries held notes signed by Mrs. Willibey, that the notes introduced in evidence were the identical notes intended to be secured by the instrument, and that Mrs. Willibey signed the deed of trust because part of the mortgaged property constituted the family homestead. This slight variance in the description of the indebtedness does not render the deed of trust invalid as to intervener. In 19 R. C. L. 284, the following rule is announced:

"As between third parties, while literal accuracy of description is not required, it is essential that the character of the debt and the extent of the incumbrance should be defined with such reasonable certainty as to preclude the parties from substituting other debts than those described, thereby making the mortgage a mere cover for the perpetration of a fraud upon creditors. It is not requisite, however, that the description should be so completely certain as to preclude the necessity of extraneous inquiry. On the contrary, it is sufficient if it indicates sources of information by reference to which the exact terms and extent of the incumbrance may be ascertained. And it has been laid down generally that a mortgage is not invalid as to third persons on account of uncertainty in the description of the debt intended to be secured, when, on the ordinary principle allowing extrinsic evidence to apply, a written contract to its subject-matter,

the debt intended to be secured may be shown as between the parties."

Under this authority, the indebtedness secured by the instrument was sufficiently established and identified to authorize a foreclosure as against intervener.

The original notes described in the trust deed were renewed. This action is based on the renewal notes. They are in different denominations than the original, but in the aggregate amount to the same. Intervener contends that this change in the evidence of the indebtedness discharged the lien of the trust deed.

The deed provides that the notes may be renewed from time to time and that in the event of renewal the renewal notes shall be secured by the deed. The evidence clearly establishes that the notes in question are renewal notes renewing the original indebtedness secured. This change in the evidence of the indebtedness does not operate to discharge the lien. In the case of First Nat. Bank of Altus v. Hendrick, 135 Okla. 260, 275 Pac. 314, the following rule was announced:

"A mortgage secures a debt or obligation, and not the evidence of it, and no change in the form of the evidence, or in the mode or time of payment, can operate to discharge the mortgage. So long as the debt secured remains unpaid, neither the renewal nor substitution of the evidence of the debt will impair the lien of the mortgage."

The evidence discloses that the original notes referred to in the deed of trust were given in payment of a past due loan in a like amount made by defendants to McCauley & Company. The notes, as before stated, were executed to J. G. Ellinghausen, trustee. The renewal notes were likewise so executed. These renewal notes were endorsed by him in blank and some of them were delivered to the Sapulpa State Bank and others were delivered to other parties. The Sapulpa State Bank became insolvent and was taken over by the Bank Commissioner. The deed of trust and a portion of the notes here involved were found among the assets of the failed bank. The Bank Commissioner then obtained possession of all the notes secured by the deed of trust and with the consent of all holders brought action in his name against defendants to recover on all notes and to foreclose the deed of trust and in his name recovered judgment against defendants on all the notes. The holders of the other notes were not made parties to the action. Intervener raises the question as to a defect of parties

and also that the action was not brought and prosecuted in the name of real party in interest. Under the facts disclosed, the Bank Commissioner could maintain the action on the notes and foreclose the deed of trust given to secure them. The transfer of the notes operated as a transfer of the deed of trust given to secure them. Prudential Ins. Co. of America v. Ward, 135 Okla. 117, 274 P. 648; Chase v. Commerce Trust Co., 101 Okla. 182, 224 P. 148.

If there was an irregularity in not making all of the holders of the notes parties, the intervener cannot complain, because he was in no wise injured or harmed thereby. The notes sued on were all past due and unpaid. The holders thereof had a lien on the premises by virtue of the deed of trust superior to intervener's judgment lien. The irregularity could in no wise harm him, and the judgment will not be reversed for this reason.

Intervener also contends that the court erred in placing upon him the burden of proof to establish the invalidity of the deed of trust. We do not agree with this contention. The burden was upon him to prove the allegations of his petition in intervention, and the court committed no error in so holding.

Intervener further contends that the court erred in denying him a jury trial. We do not agree with this contention. The execution and delivery of the notes and trust deed was admitted by defendants. Their counsel in open court admitted that plaintiff was entitled to recover the entire amount for which judgment was rendered. The real question involved herein is the validity of the deed of trust and the priority of liens. The action was, therefore, as to intervener, one in equity and he was not entitled to a trial by jury.

Intervener also contends that the plaintiff's cause of action was barred by the statute of limitations. The suit was on the renewal notes. They were executed July 15, 1929. The suit was filed October 2, 1930. Plaintiff's cause of action is, therefore, not barred.

Judgment is affirmed.

LESTER, C. J., and CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and SWINDALL, JJ., absent.