## ADAMS ROYALTY CO. v. STATE ex rel. COM'RS OF THE LAND OFFICE et al.

No. 26211.   Oct. 22, 1935.

Rowland & Talbott, for plaintiff in error.

Orlando F. Sweet and Lloyd Story, for defendant in error State ex rel. Commissioners of the Land Office.

PER CURIAM.   On August 4, 1923, Cecil E. Bross and wife executed and delivered to the Commissioners of the Land Office of the state of Oklahoma a first mortgage covering certain land in Canadian county, as security for a loan due five years after date, which mortgage was duly recorded. On November 7, 1927, Bross and wife, by a mineral deed, conveyed a certain portion of the mineral rights under said land to E. P. Beehler, and by mesne conveyances the Adams Royalty Company, Curtis F. Bryan, receiver for the Imperial Royalties Company, and J. G. Catlett, Incorporated, acquired a portion of said mineral rights. On August 15, 1928, Bross and wife executed and delivered to the Commissioners of the Land Office a renewal note and mortgage cevering said land, which was duly recorded, and which contained this recital:

"Renewal, State of Oklahoma, Improved Farm Mortgage. * * * It is expressly agreed by and between the parties hereto, that this mortgage is a continuation of a first lien created under a former mortgage, upon said premises, heretofore executed by Cecil E. Bross and Leta E. Bross, his wife, on the 4th day of August, 1923, and recorded in Book 95, at page 168, of the records of Canadian County."

On September 26, 1928, Bross and wife executed and delivered to Ray Wright a second mortgage covering said land to secure a loan, which mortgage was duly recorded.

This action was filed by the Commissioners of the Land Office to foreclose their

304

mortgage. Copies of the renewal note and mortgage were attached to the petition. The only reference made in the petition to the first mortgage given to the Commissioners of the Land Office was the above recital in the second mortgage.

E. P. Beehler, Adams Royalty Company, J. G. Catlett, Incorporated, and Curtis F. Bryan, receiver, were made parties defendant and filed separate answers, and all but Catlett claimed that their mineral interest was superior to the mortgage of the plaintiff. Ray Wright, holder of the second mortgage, was also made a party defendant, and filed a cross-petition seeking foreclosure of his mortgage.

The case was tried on an agreed statement of facts, which recited substantially the above facts, and also recited that the first mortgage to the Commissioners of the Land Office was never released of record. On this agreed statement of facts the lower court entered a decree adjudging that the mineral rights of the defendants were inferior to the lien of the Commissioners of the Land Office, but superior to the second mortgage of Ray Wright, and decreeing foreclosure of said mortgages. From this judgment only the Adams Royalty Company appealed.

It is clear that the mortgagors and the mortgagee did not intend the renewal mortgage to extinguish the lien of the original mortgage. They intended that the renewal note and mortgage should extend and continue in force the debt and the lien created by the original note and mortgage. This was the legal effect of the giving of the renewal note and mortgage. The renewal mortgage created no new lien. First National Bank of Altus v. Hendrick, 135 Okla. 260, 275 P. 314; Unger v. Shull, 154 Okla. 277, 7 P. (2d) 881; 41 C. J. 906; 19 R. C. L. 452.

The Adams Royalty Company does not even contend that the lien created by the original mortgage was extinguished; its sole contention is that, by suing to foreclose the renewal mortgage, the Commissioners of the Land Office waived the security of the original mortgage. We do not entertain this view.

The petition alleged that the plaintiffs' lien was a first lien and superior to the rights of the defendants. This allegation was supported by the copy of the renewal mortgage attached as an exhibit to the plaintiffs' petition. By said reference, in the re-

newal mortgage, to the original mortgage, we think the original mortgage was effectively made a part of the petition, and the plaintiff was not seeking merely to foreclose the renewal mortgage, but was seeking to enforce the lien created by the original mortgage and continued in force by the renewal mortgage. The recital in the agreed statement of facts that the original mortgage had not been released recognized its existence and made it unnecessary that it be introduced in evidence.

The lower court properly held that, under the issues made by the pleadings and under the agreed statement of facts, the plaintiffs' lien was superior to the interest of the Adams Royalty Company and the other defendants. Smith v. Childress (Miss.) 80 So. 345.

Judgment affirmed.

The Supreme Court acknowledges the aid of District Judge Thurman S. Hurst in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, upon consideration, this opinion was adopted by the court.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.