MONTGOMERY v. WADE et al.

No. 31495. Nov. 14, 1944.

Rehearing Denied Jan. 23, 1945.

154 P. 2d 943.

L. A. Winans, of Duncan, for plaintiff in error.

Jerome Sullivan, of Duncan, for defendants in error.

CORN, C.J. This is an action upon a promissory note and to foreclose a mortgage lien upon real estate securing the note. The note and mortgage were executed by T. L. Wade, Lela J. Wade, W. A. Wade, and Josie Wade in favor of the plaintiff, J. R. Montgomery, on March 21, 1931, in the sum of $40,000, due two years after date, with interest at the rate of 8 per cent per annum until maturity and 10 per cent after maturity. On December 31, 1932, while said note and mortgage were in force, the said mortgagors, being indebted to the First National Bank of Marlow, J. R. Montgomery, the plaintiff herein, and C. S. Wade and Mary J. Smith, defendants herein, entered into a trust agreement under which the balance due and owing the above-named creditors on notes and mortgages, respectively, was recognized, and all properties covered by said mortgages were conveyed to P. V. Rabb, J. R. Montgomery, and D. M. Montgomery, as trustees, with authority to manage said properties, sell the same and to apply the proceeds therefrom to the payment of said notes and mortgages. All sales were subject to the right of mortgagors to redeem the property by the payment of sale price secured by the trustees.

Very little progress had been made toward the liquidation of the indebtedness during the period of time from the

execution of the note and mortgage up to five years after the maturity of the note. Just before the five-year limitation expired the mortgagors made certain payments on the indebtedness and were granted a six months' extension by the mortgagee. This action was commenced on August 9, 1939. C. S. Wade and Mary J. Smith filed answer and cross-petition setting up their note and mortgage in the sum of $60,000, and among other things claiming certain credits on the J. R. Montgomery note, and asking that the assets be marshalled for their benefit. O. C. Sparks and John Mahaffey and J. P. Speer intervened, setting up their respective interests in the suit.

Upon trial of the issues the court found that there was a balance due and owing plaintiff upon his note and mortgage in the sum of $14,625.16, after the application of the sum of $19,340 paid plaintiff upon said indebtedness between the time of the filing of the action and the date of the trial, making a total of $33,965.16 that was found due on the plaintiff's note and mortgage. The court rendered judgment for the plaintiff for the balance of $14,625.16 remaining due and unpaid at the time of the trial. The trial court denied the right of foreclosure of the mortgage and the plaintiff's attorney fee of 10 per cent of the balance due on the note, as provided by the note. From that part of the judgment denying foreclosure and attorney's fee the plaintiff appeals. Since the filing of this appeal the balance of the judgment has been paid. The right of the plaintiff to enforce his lien for attorney's fee provided in the note and secured by the mortgage is the only question involved in this appeal.

The judgment of the court with reference to the right of foreclosure and the collection of attorney's fee is predicated upon the theory that the acceptance by the plaintiff of the trust and the trust deed to the property as one of the trustees operates as a waiver of his mortgage lien on the property and that the fiduciary relation thus created forbids the collection of the attorney's fee.

We have examined the trust agreement and find no provision in it that can be construed as waiving the mortgage, or the right of foreclosure and collection of the attorney's fee provided in the note. The defendants in error cite no cases in support of their theory of the case, but rely upon equitable principles to sustain their position. They quote from a number of texts to the effect generally that a trustee cannot do any act, in relation to the trust property, which will inure to his own benefit, and seek to apply this principle to the question of plaintiff's right to collect the attorney's fee.

The plaintiff in error contends that the mortgage lien is not impaired by renewal or substitution of evidence of debt, citing a long list of Oklahoma cases, which are applicable to this case.

In the case of Latson et ux. v. McCollom, 192 Okla. 48, 134 P. 2d 130, this court said:

"We have long been committed to the rule in this state that a mortgage secures a debt or obligation, and not the evidence of it, and that so long as the debt remains unpaid no change in the form of the evidence or in the mode or time of payment or the renewal or substitution of the evidence of the debt can operate to discharge the mortgage or will impair the lien thereof; in other words, that the mortgage is an incident to the debt. Smith v. Bush, 173 Okla. 172, 44 P. 2d 921; First National Bank of Altus v. Hendrick, 135 Okla. 260, 275 P. 314; Unger v. Shull, 154 Okla. 277, 7 P. 2d 881; Lincoln National Life Ins. Co. v. Rider, 171 Okla. 262, 42 P. 2d 842; Adams Royalty Co. v. State ex rel., 174 Okla. 303, 50 P. 2d 348, Anderson v. Barr, 178 Okla. 508, 62 P. 1242; Clark v. Grant 26 Okla. 398, 109 P. 234; Foster v. Augustanna College and Theological Seminary, 92 Okla. 96, 218 P. 335. See, also section 10955, O.S. 1931; 42 O.S. 1941, sec. 21."

The plaintiff in error asserts that the death of the mortgagees complicated the sale of the land under the trust agreement due to the option of grantees to redeem the property at the sale price procured by the trustees, and due to the fact that the heirs were scattered,

some of them being out of the state, and no judicial determination of the heirship having been made, and that the statute of limitations had almost expired, and some of the interested parties had raised contentions which required collection of the debt by foreclosure. Under the facts and circumstances in the case it does not appear that the plaintiff acted in bad faith in bringing the foreclosure action.

From the facts in this case as shown by the record we are of the opinion, and so hold, that the judgment of the trial court, upon the contested issues, should be reversed. The judgment is therefore reversed and remanded, with directions to ascertain and allow the attorney's fee due upon the filing of the action.

GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur.