A & S DISTRIBUTING COMPANY, a Corporation, Plaintiff in Error,

v.

NALL–TUCKER, INC., an Oklahoma Corporation, Defendant in Error.

No. 41292.

Supreme Court of Oklahoma.

April 18, 1967.

Don Dale, Dale & Dale, Guymon, for plaintiff in error.

Frank E. Hensley, Tryon, Sweet & Hensley, Guymon, for defendant in error.

PER CURIAM:

Defendant in error was plaintiff in the trial court and will be referred to as plaintiff. The plaintiff in error, A & S Distributing Company, one of the defendants below, will be referred to as defendant, or by name, as will all defendants.

The plaintiff filed suit to foreclose a mortgage covering described real property in the City of Guymon, Oklahoma, executed by the defendants, Joe Ray Smart and Vastyl Ann Smart. The defendant, First Federal Savings and Loan Association and defendant, Lorene Millemon were conceded by all parties to be entitled to judgment prior to all other parties to the action and in the decree of foreclosure it was so found. In this judgment the trial court also found as follows:

"Further, the Court finds that the said defendants, Joe Ray Smart and Vastyl Ann Smart, on November 14, 1961, made, executed and delivered unto the plaintiff, Nall-Tucker, Inc., a note in the principal amount of $10,000.00, with interest thereon at the rate of six percent per annum, the said mortgage of real estate being given as security therefor and describing

Lots 10, 11 and 12, Block 5, Wacker Addition to the City of Guymon, Oklahoma,

and being duly recorded on December 15, 1961 * * * of the records of the County Clerk of Texas County, Oklahoma. Further that thereafter, the defendants, Joe Ray Smart and Vastyl Ann

Smart, made, executed and delivered unto the said plaintiff, Nall-Tucker, Inc. their note and mortgage each bearing date of October 2, 1962, in favor of Nall-Tucker, Inc., describing Lots 10, 11 and 12, Block 5, Wacker Addition to the City of Guymon, which mortgage was duly recorded on October 4, 1962 * * * of the records of the County Clerk of Texas County, Oklahoma, and which mortgage was specifically therein recited to be a 'Renewal Note and Mortgage of mortgage dated November 14, 1961 * * * the described property and the note secured thereby'. The Court further finds that there is presently due and owing upon the said note, being a Renewal Note, dated October 2, 1962, the sum of $10,-690.00, which the Court declares to be a lien upon the property therein described, to-wit:

    *     *     *     *     *     *

effective as of and dating from December 15, 1961, subject only to the liens of First Federal Savings and Loan Association and Lorene Millemon, as aforesaid, and first and superior to all other liens and claims thereon. It is by the Court adjudged that the plaintiff, Nall-Tucker, Inc., an Oklahoma corporation, do have and recover of and from said defendants, Joe Ray Smart and Vastyl Ann Smart, judgment in rem in the aforesaid sum of $10,690.00, and the costs of this action accrued and accruing, which said judgment is inferior to only the aforesaid judgment of First Federal Savings and Loan Association, of Liberal, Kansas, and Lorene Millemon, both as aforesaid."

Judgment was entered for these named defendants, but the liens of all other defendants were made junior to the plaintiff, Nall-Tucker, Inc. The defendant, A & S Distributing Company, alone has appealed from that part of the judgment that puts it behind the plaintiff, Nall-Tucker, Inc.

The appealing defendant raises three propositions for reversal which will be discussed in the order presented. The record discloses the chronological order of the mortgages involved as follows:

(1) A $7,750.00 chattel mortgage from Smart to B. C. Nall (who is also president of plaintiff corporation) dated August 15, 1961, and filed August 15, 1961;

(2) A $10,000.00 real estate mortgage from Smart to plaintiff dated November 14, 1961, filed for record December 15, 1961;

(3) A $1,728.51 real estate mortgage from Smart to defendant dated December 13, 1961, and filed December 18, 1961;

(4) A $9,550.00 real estate mortgage from Smart to plaintiff dated October 2, 1962, and filed October 4, 1964.

Defendant's proposition 1 is as follows:

"When a senior lienor first acquired a chattel mortgage and later a real mortgage representing the same indebtedness for the most part and subsequently by self-help and without process of law forecloses the chattel mortgage without an accounting to junior lienor or to the court for proceeds, then his senior mortgage real estate lien will be postponed to that of the junior lienor. The trial court erred in holding to the contrary."

■ The fault of defendant's argument on this proposition is that it confuses the holder of the chattel mortgage involved here and the mortgagee of the real estate. B. C. Nall, who had the chattel mortgage and Nall-Tucker, Inc., are separate and distinct legal entities. Defendant concedes that his mortgage lien attached to the real property involved subsequent to the attachment of plaintiff's real estate mortgage lien.

The second proposition urged by the defendant is:

"The consideration for plaintiff's mortgage dated November 14, 1961, wholly failed and as the mortgage dated October 2, 1962, purports to be a renewal of the former mortgage, consideration for it has likewise wholly failed and both mortgages are void for failure of consideration."

The defendant contends that there was a failure of consideration for the notes and mortgage of November 14, 1961, and October 2, 1962, although it did not plead failure of consideration of either note and mortgage. There is no question but that these notes and mortgages were given for an extension of time in which to pay the note. Both by statute, 15 O.S.1961, § 106, and under our decisions, a preexisting debt is sufficient consideration for a note. In Austin, Adm. v. Evans et al., 132 Okl. 238, 270 P. 26, we held:

"Where a mortgage was executed to secure past-due notes and at the time the mortgage was executed, and as a part of the same transaction, the time of payment of the notes was extended from May 15, 1926, to December 1, 1926, such extension of time is a valuable consideration and is sufficient to support the plea of innocent purchaser."

In Reeves & Co. v. Dyer et al., 52 Okl. 750, 153 P. 850, we said:

"A pre-existing debt is a sufficient consideration to support a mortgage given as security therefor; it is not necessary that there should be a new consideration contemporary with the making of the mortgage."

We have held that forbearance to sue upon a note past due constitutes sufficient consideration for a new promise to pay. Hudson-Houston Lbr. Co. v. First State Bank et al., 132 Okl. 125, 269 P. 1054.

The trial court interrogated both the defendant Joe Ray Smart, and B. C. Nall, pointedly on this matter. The evidence supports the holding that there had been no failure of consideration for the notes and mortgages involved. After examining the record and weighing the evidence, we conclude that the trial court's judgment is not against the weight thereof, and will not be disturbed on appeal.

For its third proposition the defendant states:

"After a junior mortgage has attached to property, the senior mortgagee will not be allowed to increase the debt se-cured by his mortgage as by extending it to cover debts not originally included, or fixing a higher rate of interest, or compounding interest, unless the junior mortgagee has notice of the transaction. The trial court erred in holding to the contrary."

It is true the mortgage of October 2, 1962, provided for eight percent interest while the mortgage executed the 14th of November, 1961, provided for interest at six percent. The later instrument was definitely a renewal mortgage and when this mortgage was foreclosed interest at the rate of six percent was entered in the judgment. Also the renewal mortgage was for only $9,500.00, while the original mortgage was for $10,000.00.

In Adams Royalty Co. v. State ex rel. Commissioners of State Land Office et al., 174 Okl. 303, 50 P.2d 348, this Court had before it an identical situation where the question was as to the rights of parties arising under a mortgage originally given to the Commissioners, and a subsequent renewal mortgage. This Court held:

"It is clear that the mortgagors and the mortgagee did not intend the renewal mortgage to extinguish the lien of the original mortgage. They intended that the renewal note and mortgage should extend and continue in force the debt and the lien created by the original note and mortgage."

The trial court found the lien was created effective on the date of the original mortgage, and that the renewal mortgage created no new lien. Suit was brought upon the renewal mortgage, and the court found that the reference to the initial mortgage contained in the renewal mortgage showed that plaintiff was foreclosing the lien created by the original mortgage, although its suit was brought upon the renewal. We are convinced that the defendant has not been prejudiced by the renewal

mortgage and the foreclosure proceedings based thereon.

The judgment of the trial court is affirmed.

The Court acknowledges the aid of the Supernumerary Judge Harry L. S. Halley, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

All Justices concur.