**Ivan S.C. HUMMEL, Appellee,**

v.

**Frances G. HUMMEL, a single person, Defendant,**

**The First National Bank of Bethany, a corporation, Appellant.**

**No. 84894.**

Court of Appeals of Oklahoma, Division No. 3.

April 25, 1995.

Peter G. Pierce, III, Bethany, for appellant.

J. Robert Blakeburn, Donald W. Garrison, Oklahoma City, for appellee.

### OPINION

GARRETT, Chief Judge:

Appellee, Ivan S.C. Hummel (Ivan), and Frances G. Hummel (Frances) were divorced on May 1, 1987, in Oklahoma County, Oklahoma. Frances was awarded the homestead property, subject to a note and mortgage held by Appellant, First National Bank of Bethany (Bank). The note and mortgage, executed by Ivan and Frances on July 26, 1984, were in the amount of $47,000.00. In the divorce, Ivan was given a judgment against Frances, secured by a lien against the property, in the principal sum of $17,-000.00, which was to be paid on or before February 1, 1991.

There was a default on the 1984 note, and Bank brought a foreclosure proceeding. Frances executed a new note to Bank on November 4, 1991, in the amount of $43,-000.00 and gave Bank a new mortgage on the property.

Ivan sued to foreclose his judgment lien. He alleged it was prior and superior to the interests of Bank and Frances. Ivan first filed a motion for partial summary judgment against Bank on the issue of the priority of his lien against the Bank's mortgage. The trial court entered a court minute on May 14, 1993, sustaining Ivan's motion. The court minute contains the following: "The changing of parties and amount of note prevent this from being considered a renewal note."

Ivan and Frances filed cross motions for summary judgment. The trial court: sus-

tained Ivan's motion and ruled his lien was "a first, prior and superior lien against the interests of the Defendants upon the real estate"; ruled that Ivan was entitled to a decree of foreclosure; and ordered that Ivan's lien be foreclosed. Bank appealed. The trial court stayed the execution pending appeal.

As propositions of error, Bank asserts:

1. The trial court erred in ruling that a 1987 judicial property settlement lien granted to one of the mortgagor spouses upon the dissolution of their marriage was entitled to priority over a prior 1984 recorded mortgage and the debt it secured which was renewed in 1991 by the spouse who, by the divorce decree, became the sole owner of the encumbered property and who was jointly and severally liable on the original debt and mortgage; and

2. The trial court erred in treating the Appellant's 1984 mortgage which was renewed along with the balance of the debt in 1991 as being extinguished by the renewal and, therefore, according priority to the intervening 1987 judicial property settlement lien of one of the mortgagors.

■ Bank contends the 1991 "renewal" mortgage is merely a continuation of the security interest which was filed of record in 1984. The 1984 mortgage, signed by both Ivan and Frances, contains the following provision:

This Mortgage is given to secure the payment and/or performance of Mortgagor's promissory Note or Notes of even date with principal sums, interest and maturity dates as follows *together with all renewals thereof*.... (Emphasis added).

Moreover, the 1984 promissory note recites the following:

ALL PARTIES DEEMED PRINCIPALS. All parties liable for payment hereunder shall each be regarded as a principal and each party agrees that any party with approval of holder and without notice to any other party may from time to time renew this Note or consent to one or more extensions or deferrals of any payment due for any term or terms, and all parties shall be liable in same manner as

on original note. All parties liable for payment hereunder waive presentment, notice of dishonor and protest, and consent to partial payments, any substitutions or release of collateral and to addition or release of any party or guarantor.

The definition of "renewal" in Black's Law Dictionary, Sixth Ed., includes:

[T]o grant or obtain extension of; to continue in force for a fresh period, as commonly used with reference to notes and bonds importing a postponement of maturity of obligations dealt with. An extension of time in which that obligation may be discharged; an obligation being "renewed" when *the same obligation* is carried forward by the new paper or undertaking, whatever it may be. *Campbell River Timber Co. v. Vierhus,* C.C.A.Wash., 86 F.2d 673, 675 [9th Cir.1936]. (Emphasis added).

In *Campbell River Timber Co. v. Vierhus,* supra, the U.S. Court of Appeals for the Ninth Circuit considered the definition of "renewal" as applied in courts in several different jurisdictions. The Court stated:

[A]s applied to promissory notes, the term 'renewal' has been held to mean 'the reestablishment of the particular contract for another period of time.' ... It has also been held that there might be such a thing as a renewal where the party was different, provided the obligation was of the same nature; as in a case where a widow gave her note in lieu of the note of her deceased husband for the same amount.... It has also been said that whether a new note is a renewal of another note depends upon the intention of the parties.... Not only the definition of renewal, but also its application in the cases cited and in similar cases, carries the idea that an obligation is renewed when the same obligation is carried forward by the new paper or undertaking, whatever it may be. There may be a change of parties. There may be an increase of security, but there is no renewal unless the obligation is the same. What makes the renewal is an extension of time in which to discharge the obligation. If the obligation changes, there can be no such thing as the

re-establishment of an old obligation by the creation of a new obligation different in character.

Under Oklahoma law, it is necessary to determine the intention of the parties. In *A & S Distributing Co. v. Nall–Tucker, Inc.,* 428 P.2d 254 (Okl.1967), the Court found renewal notes and mortgages were given for an extension of time to pay the original note. The Supreme Court cited *Adams Royalty Co. v. State ex rel. Commissioners of State Land Office,* 174 Okl. 303, 50 P.2d 348, 349 (1935), in which the rights of the parties to an original mortgage and subsequent renewal mortgage were being determined, and said at 257:

> It is clear that the mortgagors and the mortgagee did not intend the renewal mortgage to extinguish the lien of the original mortgage. They intended that the renewal note and mortgage should extend and continue in force the debt and the lien created by the original note and mortgage.

The *Adams Royalty Co.* Court noted a reference in the renewal mortgage to the original mortgage. The Court determined plaintiff therein was seeking to enforce the lien created by the original mortgage which was continued in force by the renewal mortgage.

In the instant case, there was no release of the 1984 mortgage. The 1984 note clearly provides for renewals and extensions by one party without notice to the other party. Moreover, the 1984 mortgage contains a provision that it secures the 1984 note "together with all renewals thereof". It is clear Bank never intended to release it when Frances executed the 1991 note which extended the repayment term of the first note. The 1991 mortgage contains the following paragraph:

> RENEWAL MORTGAGE. This Mortgage is a renewal of the Mortgage dated July 26, 1984 from Borrower and her former husband, Ivan S.C. Hummel, in the original amount of $47,000.00, maturing July 26, 1994, which was recorded at 11:12 a.m. on August 3, 1984, in the Office of the Clerk of this County in Book 5209 at Page 1123, and upon which $47.00 in mortgage tax evidenced by Receipt No. 080300037 was issued by Joe B. Barnes, County Treasurer, on the date of recordation.

The divorce decree, which recites Ivan was given a lien against the property, is a valid judgment as between Frances and Ivan. However, it cannot serve to alter their contractual obligations to Bank. Bank was not a party to the divorce case. Under the terms of the 1984 mortgage and note, and as extended by the 1991 mortgage and note, their obligation to Bank continues until it is released by Bank. The trial court erred in sustaining Ivan's motions for summary judgment and holding Ivan's judgment lien is a first and prior lien against the property.

It is interesting to note that Ivan fails to cite any authority in support of his contention that his lien is prior to Bank's mortgage. However, Ivan and his attorney make a novel and almost persuasive argument, "from scratch".

This case is reversed and remanded with directions to enter judgment that Bank's mortgage lien is a first and prior lien against the property, and for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS AND FOR FURTHER PROCEEDINGS.

HUNTER and ADAMS, JJ., concur.